J-S41042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRYL JENKINS | : | |
| | : | |
| Appellant | : | No. 656 EDA 2025 |

Appeal from the PCRA Order Entered February 12, 2025
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0005615-2016

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRYL JENKINS | : | |
| | : | |
| Appellant | : | No. 2427 EDA 2025 |

Appeal from the PCRA Order Entered February 12, 2025
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0004817-2017

BEFORE:   BOWES, J., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED DECEMBER 12, 2025**

Appellant, Darryl Jenkins, appeals *pro se* from the order of the Court of
Common Pleas of Bucks County that dismissed as untimely his third petition
filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, *et
seq.* In the case at CP-09-CR-0005615-2016, a jury found Appellant guilty of

_____

[*] Retired Senior Judge assigned to the Superior Court.

multiple offenses for his sexual abuse of the minor daughter of his romantic partner. During the course of that trial, Appellant failed to appear in court during the middle of the proceedings and remained a fugitive for months. The trial court permitted the trial to continue in *absentia*. After his subsequent arrest in another state, Appellant pleaded guilty, at CP-09-CR-0004817-2017, to an offense in connection with his failure to appear for trial. In his post-conviction petition at issue, Appellant characterized his recent discovery of a supposed legal basis to assert a violation of his right to be present at his trial excused the late filing of his petition. Because Appellant failed to file a court-ordered concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), he has waived all issues for review. Accordingly, we affirm.

A factual summary of the evidence presented at Appellant's jury trial and the facts accepted as part of his subsequent guilty plea hearing is unnecessary for our review of the dismissal of the instant PCRA petition and may be found in our decision on direct review. *See Commonwealth v. Jenkins*, 2019 WL 2233880, *1-5 (Pa. Super., filed May 23, 2019) (unpublished memorandum) (981 EDA 2018). Appellant's sexual abuse trial commenced on March 29, 2017. On the next morning, Appellant failed to appear in court and thereafter remained a fugitive until he was arrested by U.S. Marshals in Trenton, New Jersey, on June 27, 2017. After Appellant's unexplained absence, during which he failed to respond to communication attempts by his counsel, the trial court determined that Appellant voluntarily

absented himself without cause from the court proceedings and that the trial court would continue in his absence. On April 3, 2017, the jury found Appellant guilty of unlawful contact with a minor, corruption of minors, and indecent assault of a person less than sixteen years old.[1]

Following Appellant's return to custody, the trial court proceeded with a sentencing hearing on September 22, 2017. At the beginning of that hearing, Appellant entered an open guilty plea to default in required appearance in connection with his absence from his trial.[2] The court sentenced him to an aggregate term of eleven and one-half to twenty-three years' imprisonment. After the trial court denied multiple post-sentence motions, Appellant timely appealed. On direct review, Appellant raised two claims based on the admission of evidence, one claim that the trial court erred by allowing the trial to continue in his absence, and a challenge to the discretionary aspects of his sentence. *See Jenkins*, 2019 WL 2233880 at *5. On May 23, 2019, we affirmed the judgments of sentence. *See Commonwealth v. Jenkins*, 217 A.3d 430 (Pa. Super. 2019) (table) (981 EDA 2018). On November 14, 2019,

---

[1] 18 Pa.C.S. §§ 6318(a)(1), 6301(a)(1)(i)-(ii), and 3126(a)(8). The jury also found Appellant not guilty of aggravated indecent assault of a person less than thirteen years old (18 Pa.C.S. § 3125(a)(7)), and indecent assault of a person less than thirteen years old (18 Pa.C.S. § 3126(a)(7)), and did not reach a verdict on aggravated indecent assault of a child (18 Pa.C.S. § 3125(b)) and aggravated indecent assault of a person less than sixteen years old (18 Pa.C.S. § 3125(a)(8)). The Commonwealth chose not to retry Appellant on the charges upon which the jury was deadlocked.

[2] 18 Pa.C.S. § 5124(a).

our Supreme Court denied Appellant's subsequent petition for allowance of appeal. **See Commonwealth v. Jenkins**, 219 A.3d 1106 (Pa. 2019) (table) (349 MAL 2019).

Appellant *pro se* filed an initial PCRA petition on February 21, 2020. The PCRA court appointed counsel and, on September 18, 2020, counsel filed a **Turner**/**Finley**[3] "no-merit" letter, along with a petition to withdraw as counsel.[4] Relevant to the substantive arguments made in the instant appeal, Appellant claimed, *inter alia*, in his *pro se* initial PCRA petition that trial court erred by permitting the sexual abuse trial to proceed in *absentia*. **See** *Pro Se* First PCRA Petition, 2/21/20, CP-09-CR-0005615-2016, § 6(C). On July 9, 2021, the PCRA court filed notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907 and granted counsel's request to withdraw. On August 24, 2021, the PCRA court dismissed Appellant's petition. Appellant timely appealed and, on July 14, 2022, we affirmed. **See Commonwealth v. Jenkins**, 283 A.3d 363 (Pa. Super. 2022) (table) (1968 EDA 2021). Appellant did not seek further review before our Supreme Court.

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] On November 25, 2020, the PCRA court issued an order directing counsel to address certain claims Appellant raised in the *pro se* petition. Counsel filed a supplemental "no-merit" letter on January 11, 2021.

On January 23, 2023, Appellant *pro se* filed a second PCRA petition, in which he filed a motion for discovery and alleged the discovery of a **Brady**[5] violation. On February 22, 2023, the PCRA court issued a Rule 907 dismissal order. In response, Appellant refiled his second PCRA petition, along with the motion for discovery. On April 20, 2023, the PCRA court denied the petition and motion without a hearing. On February 29, 2024, we affirmed the dismissal order. **See Commonwealth v. Jenkins**, 314 A.3d 1283 (Pa. Super. 2024) (table) (1140-1141 EDA 2023). Appellant did not seek further review.

On December 9, 2024, Appellant *pro se* filed his instant third PCRA petition that he styled as a "motion seeking a new trial through the newly[-]discovered fact exception," referring to the exception to the PCRA's jurisdictional time-bar at 42 Pa.C.S. § 9545(b)(1)(ii). **See** *Pro Se* Third PCRA Petition, 12/9/24 1. In the petition, Appellant again alleged that his constitutional right to confrontation was violated by the trial court's act of "continu[ing] the trial to [its] conclusion," and cited Pa.R.Crim.P. 590, Pa.R.Crim.P. 602, Fed.R.Crim.P. 11, and Fed.R.Crim.P. 43, in support. **Id.** at 5-6. Conflating the guilty plea matter at CP-09-CR-0004817-2017 with the sexual abuse matter at CP-09-CR-0005615-2016, he reasoned that, because our rule of procedure governing the entry of guilty pleas at Pa.R.Crim.P. 590, requires guilty pleas to be tendered in open court "[a]t any time prior to the

_____

[5] **Brady v. Maryland**, 373 U.S. 83 (1963).

verdict … in the presence of the defendant," his trial – in the separate matter apart from his guilty plea case – was erroneously conducted in his absence. **See** *Pro Se* Third PCRA Petition, 6; **see also id.** at 7 ("The petitioner before you was never afforded the opportunity of 'contemplating' to forego the rest of the trial, because the trial court continued the trial to [its] conclusion without the defendant."). Appellant's alleged "facts" for consideration of his time-bar exception claim appeared to be his discovery of the state and federal rules of procedure cited in his petition:

> Because the reasoning behind [ ] petitioner[']s arguments is based on his due diligence as a *pro se* litigant, discovering new facts in this case on November 27, 2024[,] when petitioner combined State and Federal [p]resence of Defendant along side [*sic*] of Federal and State Pleas, (attached) which prompted an analysis of each rule, arriving at the argument before you, requiring this [J]udiciary to find or not find merit in his arguments, which could have been ascertained any sooner.

**Id.** at 3.

On January 16, 2025, the PCRA court issued a Rule 907 dismissal notice, informing Appellant that "there [wa]s no merit to [his] claims and that the [p]etition was filed untimely." Rule 907 Notice, 1/16/25, 1. In a response, Appellant asserted that he "properly invoked" the time-bar exception at 42 Pa.C.S. § 9545(b)(1)(ii), and alleged: "The petitioner stated the date on which the facts were discovered which was November 27, 2024, well within the 60[-]day window for filing such newly[-]discovered facts." *Pro Se* Response to Rule 907 Notice, 1/29/25, 1. On February 12, 2025, the PCRA court issued a dismissal order, asserting that the petition "was filed untimely and d[id] not

fall under any of the timeliness exceptions in 42 Pa.C.S.[] § 9545(b)." Order (dismissal of third PCRA petition), 2/12/25, 1. Appellant timely appealed. *See* Pro Se Notice of Appeal, 3/10/25.

On March 12, 2025, the PCRA court issued an order, filed in each of the underlying criminal matters, directing Appellant to file, within twenty-one days, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). *See* Order (Rule 1925), 3/12/25, 1. Appellant did not thereafter file the ordered statement. The PCRA court's subsequent opinion notes that, on March 31, 2025, Appellant "submitted [a Rule 1925(b) statement] via First Class Mail to the undersigned's chambers." PCRA Court Opinion, 5/8/25, 3. On July 28, 2025, this Court ordered Appellant to file amended notices of appeal as his original notice of appeal included the PCRA court's docket numbers for both of his underlying criminal matters in the notice's caption. *See* Superior Court Order, 7/28/25 (656 EDA 2025). Appellant subsequently complied with that directive by filing amended notices of appeals in his separate criminal matters on August 7, 2025. *See* Amended Notices of Appeal, 8/7/25. On September 23, 2025, we *sua sponte* consolidated the two appeals addressed herein. *See* Superior Court Order, 9/23/25 (656 EDA 2025); Pa.R.A.P. 513.

Appellant presents the following questions for our review:

1. Whether the [PCRA] court erred in finding [Appellant] did not meet the newly[-]discovered fact and timeliness exception under[] 42 [Pa.C.S. § 9545(b)(1)(ii), (b)(2)]?

2. Did [the PCRA] court err in concluding that [Appellant's] motion was untimely and without merit? The court, in reaching this decision, relies on the reasoning stated in [its R]ule 907 [statement of] intent to dismiss letter, that only states, "the court has determined there is no merit to [Appellant's] claims and that the petition was filed untimely[,"] without any analysis of why the court found no merit.

3. D[id Pa.R.Crim.P. 590] make a defendant's presence indispensable[] to "test" the weight of the evidence against "stopping the trial and continuing to the verdict[,"] by "contemplating" the evidence?

4. Whether "this" [C]ourt would recognize the newly[-]discovered fact exception proposed by Judge Baer in his sep[a]rate opinion in **Commonwealth v. Watts**, [23 A.3d 980, 987 (Pa. 2011),] based on this [C]ourt's presumptive declaration of [Appellant's] indispensable right under [Pa.R.Crim.P.] 590 to be present to "contemplate" a plea until[] the ent of the trial or "any other right declared[?]"

5. Should [R]ule 602 or 590 have stated "[p]lainly[,"] the effects of a plea when a defendant loses or waived his right to be present at trial?

6. Did the trial court violate [Appellant's] right[] to contemplate a plea under [R]ule 590 when it continued the trial under [R]ule 602? Hence, [Pa.R.Crim.P.] 602 … provides no authority for the trial court to continue the [t]rial under [Pa.R.Crim.P.] 590 … where there is no waiver stated or implied in either rule.

Appellant's Brief, 2-4 (unpaginated; suggested answers of the lower court omitted).[6]

_____

[6] Appellant did not include page numbers in his brief until the summary of argument section and then restarted multiple series of page numbers across the remainder of the brief. For ease of clarity, we will refer to the number of pages as if Appellant included one set of page numbers beginning with the statement of jurisdiction on page one and the conclusion on page eighteen.

Before addressing Appellant's substantive issues, we must address Appellant's failure to comply with the PCRA court's order to file a Rule 1925(b) statement because non-compliance with Rule 1925(b) may result in waiver of all appellate issues. *See, e.g., Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) ("[I]n order to preserve … claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be waived.") (citation omitted); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or raised in accordance with the provisions of this paragraph (b)(4) are waived."). While it is well-settled that waiver will not attach if the court's Rule 1925(a) order did not strictly comply with the mandates of the rule, or if the order was not properly docketed and served, *see, e.g. Commonwealth v. Hart*, 911 A.2d 939, 941 (Pa. Super. 2006) (holding that waiver did not result from *pro se* appellant's Rule 1925(b) noncompliance, where record indicated that the court's Rule 1925(a) order was served upon withdrawn counsel rather than upon the appellant), we find that the PCRA court's order complied with Rule 1925 and thus waiver under that rule is applicable. Here, the PCRA court's order was properly docketed in each of the underlying criminal matters on March 12, 2025, the PCRA court's dockets indicate that Appellant was served with the order by certified mail on March 13, 2025, and the orders indicate that they were mailed to Appellant at the

correctional facility identified as the address for Appellant on his notice of appeal, our appellate court docket, and the pending brief for Appellant.

The PCRA court's Rule 1925(a) order clearly directed Appellant to both file a Rule 1925(b) statement and concurrently serve the filed statement on the PCRA court at its identified address by mail as one of the service options. *See* Order (Rule 1925), 3/12/25, 1. While the PCRA court appears to overlook the applicability of Rule 1925 waiver based on the service of Appellant's Rule 1925(b) statement by mail, established precedent holds that we may not overlook Appellant's failure to file the statement. *See Commonwealth v. Butler*, 812 A.2d 631, 634 (Pa. 2002) ("Rule 1925 is not satisfied when an appellant merely mails his Rule 1925(b) statement to the presiding judge."); *see also Commonwealth v. Douglas*, 835 A.2d 742, 744 (Pa. Super. 2003), *quoting Butler*. Appellant's failure to properly file a Rule 1925(b) statement waived any issues he may have raised. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) ("Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived."). This bright-line application of waiver for failure to conform with Rule 1925(b) applies to *pro se* appellants with equal force. *See, e.g., Commonwealth v. Schofield*, 888 A.2d 771, 773-75 (Pa. 2005) (holding *pro se* appellant who failed to comply with Rule 1925(b) waived all issues); *Commonwealth v. Boniella*, 158 A.3d 162, 163-64 (Pa. Super. 2017)

(holding *pro se* appellant's failure to file timely Rule 1925(b) statement waived all issues).

As Appellant failed to file a Rule 1925(b) statement though ordered to do so by the PCRA court, we are precluded from addressing any of the issues presented and, thus, affirm the order of the court below.[7]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/12/2025

---

[7] Moreover, even if Appellant had not waived his issues on appeal, he would not be entitled to relief. Our review confirms that the record supports the PCRA court's determination that, although Appellant invoked the newly-discovered facts exception to the PCRA's time-bar, 42 Pa.C.S. § 9545(b)(1)(ii), he failed to prove its applicability. **See** PCRA Court Opinion, 5/8/25, 5-7. His instant third PCRA petition was, therefore, untimely and neither the PCRA court, nor this Court, has jurisdiction to review the merits of the claims raised there.

J-S41042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DARRYL JENKINS :
:
Appellant : No. 656 EDA 2025

Appeal from the PCRA Order Entered February 12, 2025
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0005615-2016

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DARRYL JENKINS :
:
Appellant : No. 2427 EDA 2025

Appeal from the PCRA Order Entered February 12, 2025
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0004817-2017

BEFORE:   BOWES, J., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED DECEMBER 12, 2025**

Appellant, Darryl Jenkins, appeals *pro se* from the order of the Court of

Common Pleas of Bucks County that dismissed as untimely his third petition

filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, *et*

*seq.* In the case at CP-09-CR-0005615-2016, a jury found Appellant guilty of

_____

[*] Retired Senior Judge assigned to the Superior Court.

multiple offenses for his sexual abuse of the minor daughter of his romantic partner. During the course of that trial, Appellant failed to appear in court during the middle of the proceedings and remained a fugitive for months. The trial court permitted the trial to continue in *absentia*. After his subsequent arrest in another state, Appellant pleaded guilty, at CP-09-CR-0004817-2017, to an offense in connection with his failure to appear for trial. In his post-conviction petition at issue, Appellant characterized his recent discovery of a supposed legal basis to assert a violation of his right to be present at his trial excused the late filing of his petition. Because Appellant failed to file a court-ordered concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), he has waived all issues for review. Accordingly, we affirm.

A factual summary of the evidence presented at Appellant's jury trial and the facts accepted as part of his subsequent guilty plea hearing is unnecessary for our review of the dismissal of the instant PCRA petition and may be found in our decision on direct review. **See Commonwealth v. Jenkins**, 2019 WL 2233880, *1-5 (Pa. Super., filed May 23, 2019) (unpublished memorandum) (981 EDA 2018). Appellant's sexual abuse trial commenced on March 29, 2017. On the next morning, Appellant failed to appear in court and thereafter remained a fugitive until he was arrested by U.S. Marshals in Trenton, New Jersey, on June 27, 2017. After Appellant's unexplained absence, during which he failed to respond to communication attempts by his counsel, the trial court determined that Appellant voluntarily

absented himself without cause from the court proceedings and that the trial court would continue in his absence. On April 3, 2017, the jury found Appellant guilty of unlawful contact with a minor, corruption of minors, and indecent assault of a person less than sixteen years old.[1]

Following Appellant's return to custody, the trial court proceeded with a sentencing hearing on September 22, 2017. At the beginning of that hearing, Appellant entered an open guilty plea to default in required appearance in connection with his absence from his trial.[2] The court sentenced him to an aggregate term of eleven and one-half to twenty-three years' imprisonment. After the trial court denied multiple post-sentence motions, Appellant timely appealed. On direct review, Appellant raised two claims based on the admission of evidence, one claim that the trial court erred by allowing the trial to continue in his absence, and a challenge to the discretionary aspects of his sentence. *See Jenkins*, 2019 WL 2233880 at *5. On May 23, 2019, we affirmed the judgments of sentence. *See Commonwealth v. Jenkins*, 217 A.3d 430 (Pa. Super. 2019) (table) (981 EDA 2018). On November 14, 2019,

_____

[1] 18 Pa.C.S. §§ 6318(a)(1), 6301(a)(1)(i)-(ii), and 3126(a)(8). The jury also found Appellant not guilty of aggravated indecent assault of a person less than thirteen years old (18 Pa.C.S. § 3125(a)(7)), and indecent assault of a person less than thirteen years old (18 Pa.C.S. § 3126(a)(7)), and did not reach a verdict on aggravated indecent assault of a child (18 Pa.C.S. § 3125(b)) and aggravated indecent assault of a person less than sixteen years old (18 Pa.C.S. § 3125(a)(8)). The Commonwealth chose not to retry Appellant on the charges upon which the jury was deadlocked.

[2] 18 Pa.C.S. § 5124(a).

- 3 -

our Supreme Court denied Appellant's subsequent petition for allowance of appeal. *See Commonwealth v. Jenkins*, 219 A.3d 1106 (Pa. 2019) (table) (349 MAL 2019).

Appellant *pro se* filed an initial PCRA petition on February 21, 2020. The PCRA court appointed counsel and, on September 18, 2020, counsel filed a *Turner*/*Finley*[3] "no-merit" letter, along with a petition to withdraw as counsel.[4] Relevant to the substantive arguments made in the instant appeal, Appellant claimed, *inter alia*, in his *pro se* initial PCRA petition that trial court erred by permitting the sexual abuse trial to proceed in *absentia*. *See Pro Se* First PCRA Petition, 2/21/20, CP-09-CR-0005615-2016, § 6(C). On July 9, 2021, the PCRA court filed notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907 and granted counsel's request to withdraw. On August 24, 2021, the PCRA court dismissed Appellant's petition. Appellant timely appealed and, on July 14, 2022, we affirmed. *See Commonwealth v. Jenkins*, 283 A.3d 363 (Pa. Super. 2022) (table) (1968 EDA 2021). Appellant did not seek further review before our Supreme Court.

_____

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] On November 25, 2020, the PCRA court issued an order directing counsel to address certain claims Appellant raised in the *pro se* petition. Counsel filed a supplemental "no-merit" letter on January 11, 2021.

On January 23, 2023, Appellant *pro se* filed a second PCRA petition, in which he filed a motion for discovery and alleged the discovery of a **Brady**[5] violation. On February 22, 2023, the PCRA court issued a Rule 907 dismissal order. In response, Appellant refiled his second PCRA petition, along with the motion for discovery. On April 20, 2023, the PCRA court denied the petition and motion without a hearing. On February 29, 2024, we affirmed the dismissal order. **See Commonwealth v. Jenkins**, 314 A.3d 1283 (Pa. Super. 2024) (table) (1140-1141 EDA 2023). Appellant did not seek further review.

On December 9, 2024, Appellant *pro se* filed his instant third PCRA petition that he styled as a "motion seeking a new trial through the newly[-]discovered fact exception," referring to the exception to the PCRA's jurisdictional time-bar at 42 Pa.C.S. § 9545(b)(1)(ii). **See** *Pro Se* Third PCRA Petition, 12/9/24 1. In the petition, Appellant again alleged that his constitutional right to confrontation was violated by the trial court's act of "continu[ing] the trial to [its] conclusion," and cited Pa.R.Crim.P. 590, Pa.R.Crim.P. 602, Fed.R.Crim.P. 11, and Fed.R.Crim.P. 43, in support. **Id.** at 5-6. Conflating the guilty plea matter at CP-09-CR-0004817-2017 with the sexual abuse matter at CP-09-CR-0005615-2016, he reasoned that, because our rule of procedure governing the entry of guilty pleas at Pa.R.Crim.P. 590, requires guilty pleas to be tendered in open court "[a]t any time prior to the

_____

[5] **Brady v. Maryland**, 373 U.S. 83 (1963).

verdict … in the presence of the defendant," his trial – in the separate matter apart from his guilty plea case – was erroneously conducted in his absence. **See** *Pro Se* Third PCRA Petition, 6; **see also id.** at 7 ("The petitioner before you was never afforded the opportunity of 'contemplating' to forego the rest of the trial, because the trial court continued the trial to [its] conclusion without the defendant."). Appellant's alleged "facts" for consideration of his time-bar exception claim appeared to be his discovery of the state and federal rules of procedure cited in his petition:

> Because the reasoning behind [ ] petitioner[']s arguments is based on his due diligence as a *pro se* litigant, discovering new facts in this case on November 27, 2024[,] when petitioner combined State and Federal [p]resence of Defendant along side [*sic*] of Federal and State Pleas, (attached) which prompted an analysis of each rule, arriving at the argument before you, requiring this [J]udiciary to find or not find merit in his arguments, which could have been ascertained any sooner.

***Id.*** at 3.

On January 16, 2025, the PCRA court issued a Rule 907 dismissal notice, informing Appellant that "there [wa]s no merit to [his] claims and that the [p]etition was filed untimely." Rule 907 Notice, 1/16/25, 1. In a response, Appellant asserted that he "properly invoked" the time-bar exception at 42 Pa.C.S. § 9545(b)(1)(ii), and alleged: "The petitioner stated the date on which the facts were discovered which was November 27, 2024, well within the 60[-]day window for filing such newly[-]discovered facts." *Pro Se* Response to Rule 907 Notice, 1/29/25, 1. On February 12, 2025, the PCRA court issued a dismissal order, asserting that the petition "was filed untimely and d[id] not

fall under any of the timeliness exceptions in 42 Pa.C.S.[] § 9545(b)." Order (dismissal of third PCRA petition), 2/12/25, 1. Appellant timely appealed. **See** Pro Se Notice of Appeal, 3/10/25.

On March 12, 2025, the PCRA court issued an order, filed in each of the underlying criminal matters, directing Appellant to file, within twenty-one days, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). **See** Order (Rule 1925), 3/12/25, 1. Appellant did not thereafter file the ordered statement. The PCRA court's subsequent opinion notes that, on March 31, 2025, Appellant "submitted [a Rule 1925(b) statement] via First Class Mail to the undersigned's chambers." PCRA Court Opinion, 5/8/25, 3. On July 28, 2025, this Court ordered Appellant to file amended notices of appeal as his original notice of appeal included the PCRA court's docket numbers for both of his underlying criminal matters in the notice's caption. **See** Superior Court Order, 7/28/25 (656 EDA 2025). Appellant subsequently complied with that directive by filing amended notices of appeals in his separate criminal matters on August 7, 2025. **See** Amended Notices of Appeal, 8/7/25. On September 23, 2025, we *sua sponte* consolidated the two appeals addressed herein. **See** Superior Court Order, 9/23/25 (656 EDA 2025); Pa.R.A.P. 513.

Appellant presents the following questions for our review:

1. Whether the [PCRA] court erred in finding [Appellant] did not meet the newly[-]discovered fact and timeliness exception under[] 42 [Pa.C.S. § 9545(b)(1)(ii), (b)(2)]?

2.       Did [the PCRA] court err in concluding that [Appellant's] motion was untimely and without merit?  The court, in reaching this decision, relies on the reasoning stated in [its R]ule 907 [statement of] intent to dismiss letter, that only states, "the court has determined there is no merit to [Appellant's] claims and that the petition was filed untimely[,"] without any analysis of why the court found no merit.

3.       D[id Pa.R.Crim.P. 590] make a defendant's presence indispensable[] to "test" the weight of the evidence against "stopping the trial and continuing to the verdict[,"] by "contemplating" the evidence?

4.       Whether "this" [C]ourt would recognize the newly[-]discovered fact exception proposed by Judge Baer in his sep[a]rate opinion in **Commonwealth v. Watts**, [23 A.3d 980, 987 (Pa. 2011),] based on this [C]ourt's presumptive declaration of [Appellant's] indispensable right under [Pa.R.Crim.P.] 590 to be present to "contemplate" a plea until[] the ent of the trial or "any other right declared[?]"

5.       Should [R]ule 602 or 590 have stated "[p]lainly[,"] the effects of a plea when a defendant loses or waived his right to be present at trial?

6.       Did the trial court violate [Appellant's] right[] to contemplate a plea under [R]ule 590 when it continued the trial under [R]ule 602?  Hence, [Pa.R.Crim.P.] 602 … provides no authority for the trial court to continue the [t]rial under [Pa.R.Crim.P.] 590 … where there is no waiver stated or implied in either rule.

Appellant's Brief, 2-4 (unpaginated; suggested answers of the lower court omitted).[6]

_____

[6] Appellant did not include page numbers in his brief until the summary of argument section and then restarted multiple series of page numbers across the remainder of the brief.  For ease of clarity, we will refer to the number of pages as if Appellant included one set of page numbers beginning with the statement of jurisdiction on page one and the conclusion on page eighteen.

Before addressing Appellant's substantive issues, we must address Appellant's failure to comply with the PCRA court's order to file a Rule 1925(b) statement because non-compliance with Rule 1925(b) may result in waiver of all appellate issues. ***See, e.g., Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) ("[I]n order to preserve … claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be waived.") (citation omitted); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or raised in accordance with the provisions of this paragraph (b)(4) are waived."). While it is well-settled that waiver will not attach if the court's Rule 1925(a) order did not strictly comply with the mandates of the rule, or if the order was not properly docketed and served, ***see, e.g. Commonwealth v. Hart***, 911 A.2d 939, 941 (Pa. Super. 2006) (holding that waiver did not result from *pro se* appellant's Rule 1925(b) noncompliance, where record indicated that the court's Rule 1925(a) order was served upon withdrawn counsel rather than upon the appellant), we find that the PCRA court's order complied with Rule 1925 and thus waiver under that rule is applicable. Here, the PCRA court's order was properly docketed in each of the underlying criminal matters on March 12, 2025, the PCRA court's dockets indicate that Appellant was served with the order by certified mail on March 13, 2025, and the orders indicate that they were mailed to Appellant at the

correctional facility identified as the address for Appellant on his notice of appeal, our appellate court docket, and the pending brief for Appellant.

The PCRA court's Rule 1925(a) order clearly directed Appellant to both file a Rule 1925(b) statement and concurrently serve the filed statement on the PCRA court at its identified address by mail as one of the service options. **See** Order (Rule 1925), 3/12/25, 1. While the PCRA court appears to overlook the applicability of Rule 1925 waiver based on the service of Appellant's Rule 1925(b) statement by mail, established precedent holds that we may not overlook Appellant's failure to file the statement. **See Commonwealth v. Butler**, 812 A.2d 631, 634 (Pa. 2002) ("Rule 1925 is not satisfied when an appellant merely mails his Rule 1925(b) statement to the presiding judge."); **see also Commonwealth v. Douglas**, 835 A.2d 742, 744 (Pa. Super. 2003), **quoting Butler**. Appellant's failure to properly file a Rule 1925(b) statement waived any issues he may have raised. **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) ("Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived."). This bright-line application of waiver for failure to conform with Rule 1925(b) applies to *pro se* appellants with equal force. **See, e.g., Commonwealth v. Schofield**, 888 A.2d 771, 773-75 (Pa. 2005) (holding *pro se* appellant who failed to comply with Rule 1925(b) waived all issues); **Commonwealth v. Boniella**, 158 A.3d 162, 163-64 (Pa. Super. 2017)

(holding *pro se* appellant's failure to file timely Rule 1925(b) statement waived all issues).

As Appellant failed to file a Rule 1925(b) statement though ordered to do so by the PCRA court, we are precluded from addressing any of the issues presented and, thus, affirm the order of the court below.[7]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/12/2025

---

[7] Moreover, even if Appellant had not waived his issues on appeal, he would not be entitled to relief. Our review confirms that the record supports the PCRA court's determination that, although Appellant invoked the newly-discovered facts exception to the PCRA's time-bar, 42 Pa.C.S. § 9545(b)(1)(ii), he failed to prove its applicability. **See** PCRA Court Opinion, 5/8/25, 5-7. His instant third PCRA petition was, therefore, untimely and neither the PCRA court, nor this Court, has jurisdiction to review the merits of the claims raised there.

J-S41042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRYL JENKINS | : | |
| | : | |
| Appellant | : | No. 656 EDA 2025 |

Appeal from the PCRA Order Entered February 12, 2025
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0005615-2016

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRYL JENKINS | : | |
| | : | |
| Appellant | : | No. 2427 EDA 2025 |

Appeal from the PCRA Order Entered February 12, 2025
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0004817-2017

BEFORE:   BOWES, J., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED DECEMBER 12, 2025**

Appellant, Darryl Jenkins, appeals *pro se* from the order of the Court of Common Pleas of Bucks County that dismissed as untimely his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, *et seq.* In the case at CP-09-CR-0005615-2016, a jury found Appellant guilty of

_____

[*] Retired Senior Judge assigned to the Superior Court.

multiple offenses for his sexual abuse of the minor daughter of his romantic partner. During the course of that trial, Appellant failed to appear in court during the middle of the proceedings and remained a fugitive for months. The trial court permitted the trial to continue in *absentia*. After his subsequent arrest in another state, Appellant pleaded guilty, at CP-09-CR-0004817-2017, to an offense in connection with his failure to appear for trial. In his post-conviction petition at issue, Appellant characterized his recent discovery of a supposed legal basis to assert a violation of his right to be present at his trial excused the late filing of his petition. Because Appellant failed to file a court-ordered concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), he has waived all issues for review. Accordingly, we affirm.

A factual summary of the evidence presented at Appellant's jury trial and the facts accepted as part of his subsequent guilty plea hearing is unnecessary for our review of the dismissal of the instant PCRA petition and may be found in our decision on direct review. *See Commonwealth v. Jenkins*, 2019 WL 2233880, *1-5 (Pa. Super., filed May 23, 2019) (unpublished memorandum) (981 EDA 2018). Appellant's sexual abuse trial commenced on March 29, 2017. On the next morning, Appellant failed to appear in court and thereafter remained a fugitive until he was arrested by U.S. Marshals in Trenton, New Jersey, on June 27, 2017. After Appellant's unexplained absence, during which he failed to respond to communication attempts by his counsel, the trial court determined that Appellant voluntarily

absented himself without cause from the court proceedings and that the trial court would continue in his absence. On April 3, 2017, the jury found Appellant guilty of unlawful contact with a minor, corruption of minors, and indecent assault of a person less than sixteen years old.[1]

Following Appellant's return to custody, the trial court proceeded with a sentencing hearing on September 22, 2017. At the beginning of that hearing, Appellant entered an open guilty plea to default in required appearance in connection with his absence from his trial.[2] The court sentenced him to an aggregate term of eleven and one-half to twenty-three years' imprisonment. After the trial court denied multiple post-sentence motions, Appellant timely appealed. On direct review, Appellant raised two claims based on the admission of evidence, one claim that the trial court erred by allowing the trial to continue in his absence, and a challenge to the discretionary aspects of his sentence. *See Jenkins*, 2019 WL 2233880 at *5. On May 23, 2019, we affirmed the judgments of sentence. *See Commonwealth v. Jenkins*, 217 A.3d 430 (Pa. Super. 2019) (table) (981 EDA 2018). On November 14, 2019,

_____

[1] 18 Pa.C.S. §§ 6318(a)(1), 6301(a)(1)(i)-(ii), and 3126(a)(8). The jury also found Appellant not guilty of aggravated indecent assault of a person less than thirteen years old (18 Pa.C.S. § 3125(a)(7)), and indecent assault of a person less than thirteen years old (18 Pa.C.S. § 3126(a)(7)), and did not reach a verdict on aggravated indecent assault of a child (18 Pa.C.S. § 3125(b)) and aggravated indecent assault of a person less than sixteen years old (18 Pa.C.S. § 3125(a)(8)). The Commonwealth chose not to retry Appellant on the charges upon which the jury was deadlocked.

[2] 18 Pa.C.S. § 5124(a).

our Supreme Court denied Appellant's subsequent petition for allowance of appeal. *See Commonwealth v. Jenkins*, 219 A.3d 1106 (Pa. 2019) (table) (349 MAL 2019).

Appellant *pro se* filed an initial PCRA petition on February 21, 2020. The PCRA court appointed counsel and, on September 18, 2020, counsel filed a *Turner*/*Finley*[3] "no-merit" letter, along with a petition to withdraw as counsel.[4] Relevant to the substantive arguments made in the instant appeal, Appellant claimed, *inter alia*, in his *pro se* initial PCRA petition that trial court erred by permitting the sexual abuse trial to proceed in *absentia*. *See Pro Se* First PCRA Petition, 2/21/20, CP-09-CR-0005615-2016, § 6(C). On July 9, 2021, the PCRA court filed notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907 and granted counsel's request to withdraw. On August 24, 2021, the PCRA court dismissed Appellant's petition. Appellant timely appealed and, on July 14, 2022, we affirmed. *See Commonwealth v. Jenkins*, 283 A.3d 363 (Pa. Super. 2022) (table) (1968 EDA 2021). Appellant did not seek further review before our Supreme Court.

---

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] On November 25, 2020, the PCRA court issued an order directing counsel to address certain claims Appellant raised in the *pro se* petition. Counsel filed a supplemental "no-merit" letter on January 11, 2021.

On January 23, 2023, Appellant *pro se* filed a second PCRA petition, in which he filed a motion for discovery and alleged the discovery of a **Brady**[5] violation. On February 22, 2023, the PCRA court issued a Rule 907 dismissal order. In response, Appellant refiled his second PCRA petition, along with the motion for discovery. On April 20, 2023, the PCRA court denied the petition and motion without a hearing. On February 29, 2024, we affirmed the dismissal order. **See Commonwealth v. Jenkins**, 314 A.3d 1283 (Pa. Super. 2024) (table) (1140-1141 EDA 2023). Appellant did not seek further review.

On December 9, 2024, Appellant *pro se* filed his instant third PCRA petition that he styled as a "motion seeking a new trial through the newly[-]discovered fact exception," referring to the exception to the PCRA's jurisdictional time-bar at 42 Pa.C.S. § 9545(b)(1)(ii). **See** *Pro Se* Third PCRA Petition, 12/9/24 1. In the petition, Appellant again alleged that his constitutional right to confrontation was violated by the trial court's act of "continu[ing] the trial to [its] conclusion," and cited Pa.R.Crim.P. 590, Pa.R.Crim.P. 602, Fed.R.Crim.P. 11, and Fed.R.Crim.P. 43, in support. **Id.** at 5-6. Conflating the guilty plea matter at CP-09-CR-0004817-2017 with the sexual abuse matter at CP-09-CR-0005615-2016, he reasoned that, because our rule of procedure governing the entry of guilty pleas at Pa.R.Crim.P. 590, requires guilty pleas to be tendered in open court "[a]t any time prior to the

_____

[5] **Brady v. Maryland**, 373 U.S. 83 (1963).

verdict … in the presence of the defendant," his trial – in the separate matter apart from his guilty plea case – was erroneously conducted in his absence. *See* *Pro Se* Third PCRA Petition, 6; *see also id.* at 7 ("The petitioner before you was never afforded the opportunity of 'contemplating' to forego the rest of the trial, because the trial court continued the trial to [its] conclusion without the defendant."). Appellant's alleged "facts" for consideration of his time-bar exception claim appeared to be his discovery of the state and federal rules of procedure cited in his petition:

> Because the reasoning behind [ ] petitioner[']s arguments is based on his due diligence as a *pro se* litigant, discovering new facts in this case on November 27, 2024[,] when petitioner combined State and Federal [p]resence of Defendant along side [*sic*] of Federal and State Pleas, (attached) which prompted an analysis of each rule, arriving at the argument before you, requiring this [J]udiciary to find or not find merit in his arguments, which could have been ascertained any sooner.

*Id.* at 3.

On January 16, 2025, the PCRA court issued a Rule 907 dismissal notice, informing Appellant that "there [wa]s no merit to [his] claims and that the [p]etition was filed untimely." Rule 907 Notice, 1/16/25, 1. In a response, Appellant asserted that he "properly invoked" the time-bar exception at 42 Pa.C.S. § 9545(b)(1)(ii), and alleged: "The petitioner stated the date on which the facts were discovered which was November 27, 2024, well within the 60[-]day window for filing such newly[-]discovered facts." *Pro Se* Response to Rule 907 Notice, 1/29/25, 1. On February 12, 2025, the PCRA court issued a dismissal order, asserting that the petition "was filed untimely and d[id] not

fall under any of the timeliness exceptions in 42 Pa.C.S.[] § 9545(b)." Order (dismissal of third PCRA petition), 2/12/25, 1. Appellant timely appealed. *See* Pro Se Notice of Appeal, 3/10/25.

On March 12, 2025, the PCRA court issued an order, filed in each of the underlying criminal matters, directing Appellant to file, within twenty-one days, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). *See* Order (Rule 1925), 3/12/25, 1. Appellant did not thereafter file the ordered statement. The PCRA court's subsequent opinion notes that, on March 31, 2025, Appellant "submitted [a Rule 1925(b) statement] via First Class Mail to the undersigned's chambers." PCRA Court Opinion, 5/8/25, 3. On July 28, 2025, this Court ordered Appellant to file amended notices of appeal as his original notice of appeal included the PCRA court's docket numbers for both of his underlying criminal matters in the notice's caption. *See* Superior Court Order, 7/28/25 (656 EDA 2025). Appellant subsequently complied with that directive by filing amended notices of appeals in his separate criminal matters on August 7, 2025. *See* Amended Notices of Appeal, 8/7/25. On September 23, 2025, we *sua sponte* consolidated the two appeals addressed herein. *See* Superior Court Order, 9/23/25 (656 EDA 2025); Pa.R.A.P. 513.

Appellant presents the following questions for our review:

1. Whether the [PCRA] court erred in finding [Appellant] did not meet the newly[-]discovered fact and timeliness exception under[] 42 [Pa.C.S. § 9545(b)(1)(ii), (b)(2)]?

2. Did [the PCRA] court err in concluding that [Appellant's] motion was untimely and without merit? The court, in reaching this decision, relies on the reasoning stated in [its R]ule 907 [statement of] intent to dismiss letter, that only states, "the court has determined there is no merit to [Appellant's] claims and that the petition was filed untimely[,"] without any analysis of why the court found no merit.

3. D[id Pa.R.Crim.P. 590] make a defendant's presence indispensable[] to "test" the weight of the evidence against "stopping the trial and continuing to the verdict[,"] by "contemplating" the evidence?

4. Whether "this" [C]ourt would recognize the newly[-]discovered fact exception proposed by Judge Baer in his sep[a]rate opinion in **Commonwealth v. Watts**, [23 A.3d 980, 987 (Pa. 2011),] based on this [C]ourt's presumptive declaration of [Appellant's] indispensable right under [Pa.R.Crim.P.] 590 to be present to "contemplate" a plea until[] the ent of the trial or "any other right declared[?]"

5. Should [R]ule 602 or 590 have stated "[p]lainly[,"] the effects of a plea when a defendant loses or waived his right to be present at trial?

6. Did the trial court violate [Appellant's] right[] to contemplate a plea under [R]ule 590 when it continued the trial under [R]ule 602? Hence, [Pa.R.Crim.P.] 602 … provides no authority for the trial court to continue the [t]rial under [Pa.R.Crim.P.] 590 … where there is no waiver stated or implied in either rule.

Appellant's Brief, 2-4 (unpaginated; suggested answers of the lower court omitted).[6]

_____

[6] Appellant did not include page numbers in his brief until the summary of argument section and then restarted multiple series of page numbers across the remainder of the brief. For ease of clarity, we will refer to the number of pages as if Appellant included one set of page numbers beginning with the statement of jurisdiction on page one and the conclusion on page eighteen.

Before addressing Appellant's substantive issues, we must address Appellant's failure to comply with the PCRA court's order to file a Rule 1925(b) statement because non-compliance with Rule 1925(b) may result in waiver of all appellate issues. *See, e.g., Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) ("[I]n order to preserve … claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be waived.") (citation omitted); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or raised in accordance with the provisions of this paragraph (b)(4) are waived."). While it is well-settled that waiver will not attach if the court's Rule 1925(a) order did not strictly comply with the mandates of the rule, or if the order was not properly docketed and served, *see, e.g. Commonwealth v. Hart*, 911 A.2d 939, 941 (Pa. Super. 2006) (holding that waiver did not result from *pro se* appellant's Rule 1925(b) noncompliance, where record indicated that the court's Rule 1925(a) order was served upon withdrawn counsel rather than upon the appellant), we find that the PCRA court's order complied with Rule 1925 and thus waiver under that rule is applicable. Here, the PCRA court's order was properly docketed in each of the underlying criminal matters on March 12, 2025, the PCRA court's dockets indicate that Appellant was served with the order by certified mail on March 13, 2025, and the orders indicate that they were mailed to Appellant at the

correctional facility identified as the address for Appellant on his notice of appeal, our appellate court docket, and the pending brief for Appellant.

The PCRA court's Rule 1925(a) order clearly directed Appellant to both file a Rule 1925(b) statement and concurrently serve the filed statement on the PCRA court at its identified address by mail as one of the service options. *See* Order (Rule 1925), 3/12/25, 1. While the PCRA court appears to overlook the applicability of Rule 1925 waiver based on the service of Appellant's Rule 1925(b) statement by mail, established precedent holds that we may not overlook Appellant's failure to file the statement. ***See Commonwealth v. Butler***, 812 A.2d 631, 634 (Pa. 2002) ("Rule 1925 is not satisfied when an appellant merely mails his Rule 1925(b) statement to the presiding judge."); ***see also Commonwealth v. Douglas***, 835 A.2d 742, 744 (Pa. Super. 2003), ***quoting Butler***. Appellant's failure to properly file a Rule 1925(b) statement waived any issues he may have raised. ***See Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) ("Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived."). This bright-line application of waiver for failure to conform with Rule 1925(b) applies to *pro se* appellants with equal force. ***See, e.g., Commonwealth v. Schofield***, 888 A.2d 771, 773-75 (Pa. 2005) (holding *pro se* appellant who failed to comply with Rule 1925(b) waived all issues); ***Commonwealth v. Boniella***, 158 A.3d 162, 163-64 (Pa. Super. 2017)

(holding *pro se* appellant's failure to file timely Rule 1925(b) statement waived all issues).

As Appellant failed to file a Rule 1925(b) statement though ordered to do so by the PCRA court, we are precluded from addressing any of the issues presented and, thus, affirm the order of the court below.[7]

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/12/2025

_____

[7] Moreover, even if Appellant had not waived his issues on appeal, he would not be entitled to relief. Our review confirms that the record supports the PCRA court's determination that, although Appellant invoked the newly-discovered facts exception to the PCRA's time-bar, 42 Pa.C.S. § 9545(b)(1)(ii), he failed to prove its applicability. **See** PCRA Court Opinion, 5/8/25, 5-7. His instant third PCRA petition was, therefore, untimely and neither the PCRA court, nor this Court, has jurisdiction to review the merits of the claims raised there.

J-S41042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARRYL JENKINS | : | |
| | : | |
| Appellant | : | No. 656 EDA 2025 |

Appeal from the PCRA Order Entered February 12, 2025
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0005615-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARRYL JENKINS | : | |
| | : | |
| Appellant | : | No. 2427 EDA 2025 |

Appeal from the PCRA Order Entered February 12, 2025
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0004817-2017

BEFORE: BOWES, J., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED DECEMBER 12, 2025**

Appellant, Darryl Jenkins, appeals *pro se* from the order of the Court of Common Pleas of Bucks County that dismissed as untimely his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, *et seq.* In the case at CP-09-CR-0005615-2016, a jury found Appellant guilty of

_____

[*] Retired Senior Judge assigned to the Superior Court.

multiple offenses for his sexual abuse of the minor daughter of his romantic partner. During the course of that trial, Appellant failed to appear in court during the middle of the proceedings and remained a fugitive for months. The trial court permitted the trial to continue in *absentia*. After his subsequent arrest in another state, Appellant pleaded guilty, at CP-09-CR-0004817-2017, to an offense in connection with his failure to appear for trial. In his post-conviction petition at issue, Appellant characterized his recent discovery of a supposed legal basis to assert a violation of his right to be present at his trial excused the late filing of his petition. Because Appellant failed to file a court-ordered concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), he has waived all issues for review. Accordingly, we affirm.

A factual summary of the evidence presented at Appellant's jury trial and the facts accepted as part of his subsequent guilty plea hearing is unnecessary for our review of the dismissal of the instant PCRA petition and may be found in our decision on direct review. ***See Commonwealth v. Jenkins***, 2019 WL 2233880, *1-5 (Pa. Super., filed May 23, 2019) (unpublished memorandum) (981 EDA 2018). Appellant's sexual abuse trial commenced on March 29, 2017. On the next morning, Appellant failed to appear in court and thereafter remained a fugitive until he was arrested by U.S. Marshals in Trenton, New Jersey, on June 27, 2017. After Appellant's unexplained absence, during which he failed to respond to communication attempts by his counsel, the trial court determined that Appellant voluntarily

absented himself without cause from the court proceedings and that the trial court would continue in his absence. On April 3, 2017, the jury found Appellant guilty of unlawful contact with a minor, corruption of minors, and indecent assault of a person less than sixteen years old.[1]

Following Appellant's return to custody, the trial court proceeded with a sentencing hearing on September 22, 2017. At the beginning of that hearing, Appellant entered an open guilty plea to default in required appearance in connection with his absence from his trial.[2] The court sentenced him to an aggregate term of eleven and one-half to twenty-three years' imprisonment. After the trial court denied multiple post-sentence motions, Appellant timely appealed. On direct review, Appellant raised two claims based on the admission of evidence, one claim that the trial court erred by allowing the trial to continue in his absence, and a challenge to the discretionary aspects of his sentence. **See Jenkins**, 2019 WL 2233880 at *5. On May 23, 2019, we affirmed the judgments of sentence. **See Commonwealth v. Jenkins**, 217 A.3d 430 (Pa. Super. 2019) (table) (981 EDA 2018). On November 14, 2019,

_____

[1] 18 Pa.C.S. §§ 6318(a)(1), 6301(a)(1)(i)-(ii), and 3126(a)(8). The jury also found Appellant not guilty of aggravated indecent assault of a person less than thirteen years old (18 Pa.C.S. § 3125(a)(7)), and indecent assault of a person less than thirteen years old (18 Pa.C.S. § 3126(a)(7)), and did not reach a verdict on aggravated indecent assault of a child (18 Pa.C.S. § 3125(b)) and aggravated indecent assault of a person less than sixteen years old (18 Pa.C.S. § 3125(a)(8)). The Commonwealth chose not to retry Appellant on the charges upon which the jury was deadlocked.

[2] 18 Pa.C.S. § 5124(a).

our Supreme Court denied Appellant's subsequent petition for allowance of appeal. *See Commonwealth v. Jenkins*, 219 A.3d 1106 (Pa. 2019) (table) (349 MAL 2019).

Appellant *pro se* filed an initial PCRA petition on February 21, 2020. The PCRA court appointed counsel and, on September 18, 2020, counsel filed a *Turner*/*Finley*[3] "no-merit" letter, along with a petition to withdraw as counsel.[4] Relevant to the substantive arguments made in the instant appeal, Appellant claimed, *inter alia*, in his *pro se* initial PCRA petition that trial court erred by permitting the sexual abuse trial to proceed in *absentia*. *See Pro Se* First PCRA Petition, 2/21/20, CP-09-CR-0005615-2016, § 6(C). On July 9, 2021, the PCRA court filed notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907 and granted counsel's request to withdraw. On August 24, 2021, the PCRA court dismissed Appellant's petition. Appellant timely appealed and, on July 14, 2022, we affirmed. *See Commonwealth v. Jenkins*, 283 A.3d 363 (Pa. Super. 2022) (table) (1968 EDA 2021). Appellant did not seek further review before our Supreme Court.

---

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] On November 25, 2020, the PCRA court issued an order directing counsel to address certain claims Appellant raised in the *pro se* petition. Counsel filed a supplemental "no-merit" letter on January 11, 2021.

On January 23, 2023, Appellant *pro se* filed a second PCRA petition, in which he filed a motion for discovery and alleged the discovery of a **Brady**[5] violation. On February 22, 2023, the PCRA court issued a Rule 907 dismissal order. In response, Appellant refiled his second PCRA petition, along with the motion for discovery. On April 20, 2023, the PCRA court denied the petition and motion without a hearing. On February 29, 2024, we affirmed the dismissal order. **See Commonwealth v. Jenkins**, 314 A.3d 1283 (Pa. Super. 2024) (table) (1140-1141 EDA 2023). Appellant did not seek further review.

On December 9, 2024, Appellant *pro se* filed his instant third PCRA petition that he styled as a "motion seeking a new trial through the newly[-]discovered fact exception," referring to the exception to the PCRA's jurisdictional time-bar at 42 Pa.C.S. § 9545(b)(1)(ii). **See** *Pro Se* Third PCRA Petition, 12/9/24 1. In the petition, Appellant again alleged that his constitutional right to confrontation was violated by the trial court's act of "continu[ing] the trial to [its] conclusion," and cited Pa.R.Crim.P. 590, Pa.R.Crim.P. 602, Fed.R.Crim.P. 11, and Fed.R.Crim.P. 43, in support. **Id.** at 5-6. Conflating the guilty plea matter at CP-09-CR-0004817-2017 with the sexual abuse matter at CP-09-CR-0005615-2016, he reasoned that, because our rule of procedure governing the entry of guilty pleas at Pa.R.Crim.P. 590, requires guilty pleas to be tendered in open court "[a]t any time prior to the

_____

[5] **Brady v. Maryland**, 373 U.S. 83 (1963).

verdict … in the presence of the defendant," his trial – in the separate matter apart from his guilty plea case – was erroneously conducted in his absence. **See** *Pro Se* Third PCRA Petition, 6; **see also id.** at 7 ("The petitioner before you was never afforded the opportunity of 'contemplating' to forego the rest of the trial, because the trial court continued the trial to [its] conclusion without the defendant."). Appellant's alleged "facts" for consideration of his time-bar exception claim appeared to be his discovery of the state and federal rules of procedure cited in his petition:

> Because the reasoning behind [ ] petitioner[']s arguments is based on his due diligence as a *pro se* litigant, discovering new facts in this case on November 27, 2024[,] when petitioner combined State and Federal [p]resence of Defendant along side [*sic*] of Federal and State Pleas, (attached) which prompted an analysis of each rule, arriving at the argument before you, requiring this [J]udiciary to find or not find merit in his arguments, which could have been ascertained any sooner.

**Id.** at 3.

On January 16, 2025, the PCRA court issued a Rule 907 dismissal notice, informing Appellant that "there [wa]s no merit to [his] claims and that the [p]etition was filed untimely." Rule 907 Notice, 1/16/25, 1. In a response, Appellant asserted that he "properly invoked" the time-bar exception at 42 Pa.C.S. § 9545(b)(1)(ii), and alleged: "The petitioner stated the date on which the facts were discovered which was November 27, 2024, well within the 60[-]day window for filing such newly[-]discovered facts." *Pro Se* Response to Rule 907 Notice, 1/29/25, 1. On February 12, 2025, the PCRA court issued a dismissal order, asserting that the petition "was filed untimely and d[id] not

fall under any of the timeliness exceptions in 42 Pa.C.S.[] § 9545(b)." Order (dismissal of third PCRA petition), 2/12/25, 1. Appellant timely appealed. *See* Pro Se Notice of Appeal, 3/10/25.

On March 12, 2025, the PCRA court issued an order, filed in each of the underlying criminal matters, directing Appellant to file, within twenty-one days, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). *See* Order (Rule 1925), 3/12/25, 1. Appellant did not thereafter file the ordered statement. The PCRA court's subsequent opinion notes that, on March 31, 2025, Appellant "submitted [a Rule 1925(b) statement] via First Class Mail to the undersigned's chambers." PCRA Court Opinion, 5/8/25, 3. On July 28, 2025, this Court ordered Appellant to file amended notices of appeal as his original notice of appeal included the PCRA court's docket numbers for both of his underlying criminal matters in the notice's caption. *See* Superior Court Order, 7/28/25 (656 EDA 2025). Appellant subsequently complied with that directive by filing amended notices of appeals in his separate criminal matters on August 7, 2025. *See* Amended Notices of Appeal, 8/7/25. On September 23, 2025, we *sua sponte* consolidated the two appeals addressed herein. *See* Superior Court Order, 9/23/25 (656 EDA 2025); Pa.R.A.P. 513.

Appellant presents the following questions for our review:

1. Whether the [PCRA] court erred in finding [Appellant] did not meet the newly[-]discovered fact and timeliness exception under[] 42 [Pa.C.S. § 9545(b)(1)(ii), (b)(2)]?

2.      Did [the PCRA] court err in concluding that [Appellant's] motion was untimely and without merit? The court, in reaching this decision, relies on the reasoning stated in [its R]ule 907 [statement of] intent to dismiss letter, that only states, "the court has determined there is no merit to [Appellant's] claims and that the petition was filed untimely[,"] without any analysis of why the court found no merit.

3.      D[id Pa.R.Crim.P. 590] make a defendant's presence indispensable[] to "test" the weight of the evidence against "stopping the trial and continuing to the verdict[,"] by "contemplating" the evidence?

4.      Whether "this" [C]ourt would recognize the newly[-]discovered fact exception proposed by Judge Baer in his sep[a]rate opinion in **Commonwealth v. Watts**, [23 A.3d 980, 987 (Pa. 2011),] based on this [C]ourt's presumptive declaration of [Appellant's] indispensable right under [Pa.R.Crim.P.] 590 to be present to "contemplate" a plea until[] the ent of the trial or "any other right declared[?]"

5.      Should [R]ule 602 or 590 have stated "[p]lainly[,"] the effects of a plea when a defendant loses or waived his right to be present at trial?

6.      Did the trial court violate [Appellant's] right[] to contemplate a plea under [R]ule 590 when it continued the trial under [R]ule 602? Hence, [Pa.R.Crim.P.] 602 … provides no authority for the trial court to continue the [t]rial under [Pa.R.Crim.P.] 590 … where there is no waiver stated or implied in either rule.

Appellant's Brief, 2-4 (unpaginated; suggested answers of the lower court omitted).[6]

_____

[6] Appellant did not include page numbers in his brief until the summary of argument section and then restarted multiple series of page numbers across the remainder of the brief. For ease of clarity, we will refer to the number of pages as if Appellant included one set of page numbers beginning with the statement of jurisdiction on page one and the conclusion on page eighteen.

Before addressing Appellant's substantive issues, we must address Appellant's failure to comply with the PCRA court's order to file a Rule 1925(b) statement because non-compliance with Rule 1925(b) may result in waiver of all appellate issues. *See, e.g., Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) ("[I]n order to preserve … claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be waived.") (citation omitted); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or raised in accordance with the provisions of this paragraph (b)(4) are waived."). While it is well-settled that waiver will not attach if the court's Rule 1925(a) order did not strictly comply with the mandates of the rule, or if the order was not properly docketed and served, *see, e.g. Commonwealth v. Hart*, 911 A.2d 939, 941 (Pa. Super. 2006) (holding that waiver did not result from *pro se* appellant's Rule 1925(b) noncompliance, where record indicated that the court's Rule 1925(a) order was served upon withdrawn counsel rather than upon the appellant), we find that the PCRA court's order complied with Rule 1925 and thus waiver under that rule is applicable. Here, the PCRA court's order was properly docketed in each of the underlying criminal matters on March 12, 2025, the PCRA court's dockets indicate that Appellant was served with the order by certified mail on March 13, 2025, and the orders indicate that they were mailed to Appellant at the

correctional facility identified as the address for Appellant on his notice of appeal, our appellate court docket, and the pending brief for Appellant.

The PCRA court's Rule 1925(a) order clearly directed Appellant to both file a Rule 1925(b) statement and concurrently serve the filed statement on the PCRA court at its identified address by mail as one of the service options. *See* Order (Rule 1925), 3/12/25, 1. While the PCRA court appears to overlook the applicability of Rule 1925 waiver based on the service of Appellant's Rule 1925(b) statement by mail, established precedent holds that we may not overlook Appellant's failure to file the statement. ***See Commonwealth v. Butler***, 812 A.2d 631, 634 (Pa. 2002) ("Rule 1925 is not satisfied when an appellant merely mails his Rule 1925(b) statement to the presiding judge."); ***see also Commonwealth v. Douglas***, 835 A.2d 742, 744 (Pa. Super. 2003), ***quoting Butler***. Appellant's failure to properly file a Rule 1925(b) statement waived any issues he may have raised. ***See Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) ("Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived."). This bright-line application of waiver for failure to conform with Rule 1925(b) applies to *pro se* appellants with equal force. ***See, e.g., Commonwealth v. Schofield***, 888 A.2d 771, 773-75 (Pa. 2005) (holding *pro se* appellant who failed to comply with Rule 1925(b) waived all issues); ***Commonwealth v. Boniella***, 158 A.3d 162, 163-64 (Pa. Super. 2017)

(holding *pro se* appellant's failure to file timely Rule 1925(b) statement waived all issues).

As Appellant failed to file a Rule 1925(b) statement though ordered to do so by the PCRA court, we are precluded from addressing any of the issues presented and, thus, affirm the order of the court below.[7]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/12/2025

---

[7] Moreover, even if Appellant had not waived his issues on appeal, he would not be entitled to relief. Our review confirms that the record supports the PCRA court's determination that, although Appellant invoked the newly-discovered facts exception to the PCRA's time-bar, 42 Pa.C.S. § 9545(b)(1)(ii), he failed to prove its applicability. **See** PCRA Court Opinion, 5/8/25, 5-7. His instant third PCRA petition was, therefore, untimely and neither the PCRA court, nor this Court, has jurisdiction to review the merits of the claims raised there.